UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Daniel Jenkins

    v.                                        Case No. 20-cv-803-PB
                                      Opinion No. 2021 DNH 154

Robert Hazlewood, Warden

**O R D E R**

    Daniel Jenkins filed a petition for a writ of habeas corpus
(Doc. No. 1) in this Court, under 28 U.S.C. § 2241, while he was
incarcerated at the Federal Correctional Institution in Berlin,
New Hampshire.  Mr. Jenkins seeks to expunge the record of his
disciplinary offense for violating a prison rule which
prohibited prisoners from possessing cell phones, and to restore
forty-one days of good conduct time he lost as a sanction for
that offense.  Presently before the Court is Mr. Jenkins's
motion for summary judgment (Doc. No. 7).  The respondent has
filed an objection (Doc. No. 14) to that motion, and Mr. Jenkins
has filed a reply (Doc. No. 16) to the objection.[1]

---

[1] Mr. Jenkins's motion for summary judgment incorporates, by
reference, his petition (Doc. No. 1) and attachments thereto.
In addition, the Court considers the following documents, in
conjunction with the summary judgment filings, to the extent
they address the issues asserted in Mr. Jenkins's motion for
summary judgment and the respondent's objection: Respondent's
Response (Doc. No. 9) and attachment thereto, to the Magistrate
Judge's August 26, 2020 Order; and the Petitioner's Reply (Doc.
No. 10) to the Respondent's Response.

**Background**

I.   Facts[2]

On February 16, 2019, when Mr. Jenkins was incarcerated at
the Federal Correctional Institution in Fort Dix, New Jersey,
Corrections Officer ("C.O.") C. Glickel conducted a random
search of the cell Mr. Jenkins shared with eleven other inmates.
See July 22, 2020 Daniel Jenkins Affidavit ("Jenkins Aff.")
(Doc. No. 1-1, at 1[3]).  Mr. Jenkins has filed a sworn statement
asserting that he was not present during the search.  See id. at
1-2.  During the search, C.O. Glickel discovered a cell phone
inside a 12-pack of soda which had been placed behind several
wall lockers, including Mr. Jenkins's assigned locker.  See id.
at 2.  Mr. Jenkins denied that the cell phone belonged to him.
See id. at 3.

The following day, Mr. Jenkins was served with C.O.
Glickel's incident report.  See Feb. 16, 2020 C. Glickel
Incident Report ("Incident Report") (Doc. No. 1-3, at 2)
(Jenkins Aff., Ex. A).  The Incident Report states, in pertinent
part:

> On 2/16/2019 at approximately 8:40 PM, I, . . .
> Officer C. Glickel, conducted a random search of [Mr.
> Jenkins's cell].  While searching inmate Jenkins[]'s

---

[2] The facts in this section are undisputed unless otherwise
noted.

[3] All of the page numbers in this document refer to the
Court's Electronic Case Filing system's numbering of the pages.

> . . . assigned area . . . I located 1 black in color
> Samsung cell phone inside the top of the 12 pack of
> pepsi behind his assigned wall locker.  He was in the
> area of his assigned wall locker upon me entering the
> room.  Inmate Jenkins'[s] ID card was found in locker.

Incident Report (Doc. No. 1-3, at 2).

On February 19, 2019, a Unit Discipline Committee ("UDC")
hearing was held in the matter.  At the UDC hearing, Mr.
Jenkins, verbally and in writing, identified two prisoners he
wanted called as witnesses at his disciplinary hearing, stating
that each witness would testify to the fact that Mr. Jenkins
"was not in the room when [the] officer entered."  Feb. 19, 2019
Fed. Bureau of Prisons ("BOP") Notice of Discipline Hr'g
("Hearing Notice") (Doc. No. 1-3, at 5) (Jenkins Aff., Ex. A).
Additionally, Mr. Jenkins verbally asked "to be provided with
the forensic lab report" of the cell phone found in his cell.
See Jenkins Aff. (Doc. No. 1-1, at 2).  The UDC referred the
matter to the Discipline Hearing Officer ("DHO") for a hearing.
See Hearing Notice (Doc. No. 1-3, at 5).

On August 14, 2019, the DHO conducted a hearing on the
charge at issue.  Sept. 16, 2019 DHO Report ("DHO Report") (Doc.
No. 1-3, at 11) (Jenkins Aff., Ex. C).  The DHO refused to call
either of the two witnesses Mr. Jenkins had requested at the
hearing.  See DHO Report (Doc. No. 1-3, at 12).  As to each of
Mr. Jenkins's requested witnesses, the DHO stated, in pertinent
part:

3

> Inmate Jenkins indicated [the witness] could give
> testimony that he (Jenkins[]) was not in the room when
> the officer entered.  The DHO chose not to call this
> witness; [sic] as this testimony is not relevant to
> the incident.

Id. at 12.  At the DHO hearing, the DHO considered the following

evidence: C.O. Glickel's written statement (the Incident

Report); a photograph of the cell phone; and Mr. Jenkins's

statements: "'Th[e Incident Report] is not true,'" and, "'It

wasn't my phone and I wasn't present went [sic] the phone was

found.'"  Id. at 11-13.

Mr. Jenkins asserts that he requested a forensic analysis

and report of the cell phone at his disciplinary hearing, but

the DHO denied his request.  Daniel Jenkins Mem. of Law

("Jenkins Memo") (Doc. No. 1-4, at 2).[4]  At the DHO hearing Mr.

Jenkins also attempted to submit a document to the DHO which he

had written for the hearing, entitled "Submission of Defenses."

See Daniel Jenkins Submission of Defenses ("Jenkins SOD") (Doc.

No. 1-3, at 3) (Jenkins Aff., Ex. A); see also Jenkins Aff.

(Doc. No. 1-1, at 2).  In that document, Mr. Jenkins set forth

his defenses to the disciplinary charge, including: (1) that the

Incident Report "should be expunged because the reporting

---

[4] Although the Jenkins Memo is not itself sworn, it is
attached to Mr. Jenkins's § 2241 petition, which includes a
declaration that the facts asserted therein are true and correct
under the penalty of perjury.  For purposes of this Order, the
Court treats the facts asserted in the Jenkins Memo as sworn.

officer found the same exact cell phone, in the same exact
container, <u>in two separate locations</u>"[5]; and (2) that "'the
greater weight of the evidence shows that [Mr. Jenkins] could
not have 'possessed' the [cell phone] and therefore cannot be
guilty of such offense.'"  Jenkins SOD (Doc. No. 1-3, at 3-4)
(emphasis in original).  The DHO refused to accept that
document.  <u>See</u> Jenkins Aff. (Doc. No. 1-1, at 2).

After the hearing, the DHO prepared a report stating that
he found Mr. Jenkins to have "provid[ed] the DHO with some
inaccurate information." DHO Report (Doc. No. 1-3, at 13).  The
DHO found that there was no "significant or credible evidence or
witnesses to corroborate [Mr. Jenkins's] claim of not having any
knowledge of the [cell phone]," and that he therefore gave
greater weight to C.O. Glickel's "account of the evidence."  Id.

Noting that, "[i]n general, a person has constructive
possession [of an item of contraband] if they knowingly have
ownership, dominion, or control over the contraband itself <u>or</u>
<u>over the premises in which the contraband is located</u>," the DHO
found that "based on the greater weight of evidence," Mr.
Jenkins had committed the prohibited act of possessing a cell
phone.  Id. (emphasis in original).

---

[5] Mr. Jenkins did not assert a claim in this action
concerning any alleged discrepancy as to where the cell phone
was found.

On November 14, 2019, Mr. Jenkins appealed the DHO's finding to the Regional Administrative Remedy Appeal Director. Nov. 14, 2019 Reg'l Admin. Remedy Appeal (Doc. No. 1-2, at 2) (Jenkins Aff., Attach. 1).  The Regional Director denied Mr. Jenkins's appeal on January 8, 2020.  See Jan. 8, 2020 Reg'l Dir. Resp. (Doc. No. 1-2, at 3) (Jenkins Aff., Att. 1).  Mr. Jenkins appealed the Regional Director's decision to the Central Office for administrative remedy appeals.  See Jan. 24, 2020 Cent. Off. Admin. Remedy Appeal (Doc. No. 1-2, at 5) (Jenkins Aff., Attach. 2).  The National Inmate Appeal Administrator denied that appeal on June 11, 2020.  See June 11, 2020 Nat'l Inmate Appeal Adm'r Resp. (Doc. No. 1-2, at 6) (Jenkins Aff., Attach. 2).

II.  Claims

In his § 2241 petition, Mr. Jenkins has asserted the following claims:

> 1.   Mr. Jenkins's Fifth Amendment right to due process was violated when the DHO found him guilty of the disciplinary offense of possessing a cell phone despite insufficient evidence that Mr. Jenkins actually possessed the evidence.
>
> 2.   Mr. Jenkins's Fifth Amendment right to due process was violated when the DHO refused to allow Mr. Jenkins to have two properly-requested prisoner witnesses testify that Mr. Jenkins was not in his cell when the cell phone was found.
>
> 3.   Mr. Jenkins's Fifth Amendment right to due process was violated when the DHO denied Mr. Jenkins's request to consider the following documentary evidence at the disciplinary hearing:

a.    a forensic report which Mr. Jenkins had requested be prepared by prison officials for the purpose of demonstrating that he had no connection with the cell phone found in his cell, as stored information in that cell phone would not be connected to Mr. Jenkins or his known contacts, and that information could point to another prisoner as the individual who actually possessed the cell phone; and

b.    a document Mr. Jenkins wrote in anticipation of the hearing, entitled "Submission of Defenses," setting forth the grounds upon which he intended to challenge the disciplinary charge against him.

See July 27, 2020 Pet. (Doc. No. 1, at 8-9).

III. Motion for Summary Judgment

In his motion for summary judgment, Mr. Jenkins argues that the facts in the summary judgment record entitle him to judgment on his claims as a matter of law.  See generally Pet'r's Mot. Summ. J. (Doc. No. 7).  Specifically, Mr. Jenkins argues that the facts demonstrated by his affidavit and other admissible evidence show that the cell phone did not belong to him.  Mr. Jenkins contends that because he was unable to present the witnesses and documentary evidence he had requested at his disciplinary hearing, the DHO's finding that he had committed the offense of possessing a phone, and his loss of forty-one days of good conduct time, violated his Fifth Amendment right to procedural due process.  Further, Mr. Jenkins claims that the DHO's decision violated his Fifth Amendment due process rights because it was based on insufficient evidence of his guilt, in that the evidence did not rule out the possibility that another

individual was the actual possessor of the cell phone.  Finally, Mr. Jenkins argues that the respondent's failure to timely respond to his petition warrants summary judgment in his favor.

In his objection to Mr. Jenkins's motion for summary judgment, the respondent argues that Mr. Jenkins is not entitled to judgment as a matter of law.  Specifically, the respondent asserts that his claims of procedural due process violations for the denial of witnesses and documentary evidence were not exhausted by his administrative appeals of the disciplinary finding.  Further, the respondent argues that the evidence at the disciplinary hearing was sufficient to find Mr. Jenkins guilty of constructively possessing a cell phone in violation of prison rules, as evidence that the phone was located in his cell was "some evidence" that Mr. Jenkins possessed the phone.  This court declines to address the respondent's exhaustion argument in this Order, upon finding, for reasons stated below, that petitioner has not demonstrated that he is entitled to judgment as a matter of law on the merits of both his evidentiary sufficiency and procedural due process claims.

## **Discussion**

I.   Summary Judgment Standard

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

Joseph v. Lincare, Inc., 989 F.3d 147, 157 (1st Cir. 2021)

(quoting Fed. R. Civ. P. 56(a)).

> A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by . . .
> citing to particular parts of materials in the record,
> including depositions, documents, electronically
> stored information, affidavits or declarations,
> stipulations (including those made for purposes of the
> motion only), admissions, interrogatory answers, or
> other materials . . ..

Fed. R. Civ. P. 56(c)(1)(A).  Where a party seeking summary

judgment has not supported its factual assertions and

conclusions by citation to the materials specified in Rule

56(c)(1)(A), "with respect to a matter upon which they bear both

the burden of production and the burden of persuasion, [a]

motion for summary judgment is not properly granted." Tito v.

N.H. State Prison Warden, Case No. 18-cv-025-SM, 2020 U.S. Dist.

LEXIS 51229, at *14, 2020 WL 1452083, at *5 (D.N.H. Mar. 25,

2020).

To avoid summary judgment, the nonmoving party "must adduce

specific facts showing that a trier of fact could reasonably

find in his favor" without "rely[ing] on conclusory allegations,

improbable inferences, acrimonious invective, or rank

speculation." Thompson v. Gold Medal Bakery, Inc., 989 F.3d

135, 141 (1st Cir. 2021).  In its consideration of a motion for

summary judgment, the Court construes the record in the light

most favorable to the nonmoving party – here, the respondent.

See Joseph, 989 F.3d at 157.

II.   Due Process in Prison Disciplinary Hearing

      A.   Due Process Standard

When a prison disciplinary hearing might affect good time credit, a prisoner must be afforded the following due process protections: (1) written notice of the disciplinary charge, (2) the ability to call witnesses and present documentary evidence (when doing so is consistent with institutional safety and correctional concerns), (3) a hearing before an impartial decisionmaker, and (4) a written statement as to the evidence relied on and the reasons for the DHO's decision.  See Supt., Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).  These procedural due process rights are often referred to as the "Wolff requirements." See, e.g., Lennear v. Wilson, 937 F.3d 257, 277 (4th Cir. 2019).

"[R]evocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 454 (quoting Wolff, 418 U.S. at 558).

> Ascertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56 (citations omitted).

The Court first considers Mr. Jenkins's claim that there was insufficient evidence in the DHO Hearing record to support the DHO's finding that Mr. Jenkins committed the disciplinary offense of possessing a cell phone.  The Court then turns to Mr. Jenkins's claims relating to his ability to present witnesses and evidence.

B.   Sufficiency of the Evidence (Claim 1)

Mr. Jenkins asserts that the DHO's finding that he had violated the disciplinary offense with which he was charged, and the DHO's imposition of sanctions for that offense, violated his due process rights.  With regard to a prisoner's possession of contraband, BOP policy establishes that "[i]n a shared cell, all parts of the cell are equally accessible to each prisoner housed in the cell.  Thus, each individual prisoner is responsible for keeping the entire cell free from contraband." Denny v. Schultz, 708 F.3d 140, 146 (3d Cir. 2011); see also BOP Program Statement 5270.09, App. C (advising BOP prisoners that it is their responsibility to keep their area "free of contraband").

> Courts that have considered this question have
> uniformly held that the discovery of contraband in a
> shared cell constitutes "some evidence" of possession
> sufficient to uphold a prison disciplinary sanction
> against each inmate in the cell, including depriving
> that inmate of his or her liberty interest in good
> time credits.

Denny, 708 F.3d at 145; see also Flowers v. Anderson, 661 F.3d 977, 980-81 (8th Cir. 2011) (concluding, under a collective responsibility theory, that two of eight cellmates were culpable for contraband found in their shared living area); Flannagan v. Tamez, 368 F. App'x 586, 588 (5th Cir. 2010) (per curiam) (affirming the denial of a § 2241 petition where contraband was found in an area shared by the petitioner and five other prisoners); Chavis v. Hazlewood, Civil No. 19-cv-488-LM, 2020 U.S. Dist. LEXIS 46290, at *9-*10, 2020 WL 1290355, at *3, (D.N.H. Mar. 18, 2020) (concluding that prisoner in a twelve-person cell "possessed" a cell phone found in a common area of the cell accessible to all of the residents of that cell); Ned v. Tatum, No. 15-cv-178-LM, 2017 U.S. Dist. LEXIS 139885, at *16-*18, 2017 WL 3822736, at *6-*7 (D.N.H. May 16, 2017) (finding there was sufficient evidence to find prisoner guilty of possession of contraband taped to the bottom of his locker although there were twenty inmates in cell with access to that area), R&R approved, 2017 U.S. Dist. LEXIS 139426, at *1, 2017 WL 3772656, at *1 (D.N.H. Aug. 29, 2017).  In other words, a federal prisoner may be found to have possessed contraband found in his cell's common area based on a theory of constructive possession, even though: other prisoners housed in that cell had access to the contraband, other prisoners could have introduced the contraband to the cell, and other prisoners failed in their

own responsibility to keep the cell's common areas contraband-free.

The undisputed evidence in the summary judgment record is that the DHO, upon reviewing the Incident Report, found that C.O. Glickel found a cell phone in Mr. Jenkins's cell, behind Mr. Jenkins's wall locker.  See Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008) ("[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation.").  It is not disputed that the area behind the wall locker is a part of Mr. Jenkins's cell to which he had access, and which he was therefore responsible for keeping contraband-free.  Thus, there was "some evidence" that Mr. Jenkins (constructively) "possessed" the cell phone.  Accordingly, Mr. Jenkins has not demonstrated an entitlement to judgment as a matter of law as to his sufficiency of the evidence claim, and is not entitled to summary judgment on Claim 1 of his § 2241 petition.

C.   Denial of Witnesses

Mr. Jenkins asserts that the testimony of the two prisoner witnesses which the DHO declined to hear, was "relevant and vital to his defense."  Jenkins Memo (Doc. No. 1-4, at 6).  Mr. Jenkins sought to elicit from those witnesses that, contrary to C.O. Glickel's statements in the Incident Report, Mr. Jenkins

13

was not present in the cell at the time it was searched.  Mr.
Jenkins contends that the witnesses' testimony would have
suggested that CO Glickel mistook another prisoner in the cell
for Mr. Jenkins, and that the other prisoner "could have been
the culprit in the matter." Id.

In Wolff, the Supreme Court held that an inmate "should be
allowed to call witnesses and present documentary evidence in
his defense when permitting him to do so will not be unduly
hazardous to institutional safety or correctional goals." 418
U.S. at 566.  In the prison disciplinary hearing context, "a
witness's testimony is relevant if '(a) it has any tendency to
make fact more or less probable than it would be without the
evidence; and (b) the fact is of consequence in determining the
action.'" Coombs v. Landry, No. 2:15-cv-00117-GZS, 2017 U.S.
Dist. LEXIS 56501, at *17, 2017 WL 1373251, at *7 (D. Me. Apr.
13, 2017) (citations omitted), R&R adopted, 2017 U.S. Dist.
LEXIS 76022, at *1, 2017 WL 1968261, at *1 (D. Me. May 11,
2017).

Prison officials, however, have discretion to refuse to
call a prisoner's requested witnesses in certain other
circumstances, such as "for irrelevance, lack of necessity, or
the hazards presented in individual cases." Wolff, 418 U.S. at
566; Graves v. Knowles, 231 F. App'x 670, 672 (9th Cir. 2007)
(no due process violation for disallowing witnesses who "could

not provide any relevant information"); Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."); Evans v. Vose, 89 F.3d 823 (1st Cir. 1996) (unpublished table decision) (where petitioner fails to demonstrate prejudice arising from inability to call witnesses, "he has failed to show any violation of his due process rights.").

"[C]ourts have held that due process claims arising out of disciplinary proceedings are subject to a harmless error analysis." Coombs, 2017 U.S. Dist. LEXIS 56501, at *19, 2017 WL 1373251, at *8 (collecting cases). Therefore, "[a] violation of the right to call witnesses will be considered harmless unless there is evidence that the testimony could have aided the prisoner's defense." Id.; see also Brown v. Wyo. Dep't of Corr. State Penit. Warden, 234 F. App'x 874, 879 (10th Cir. 2007) ("[A] prisoner cannot maintain a due process claim for failure to permit witness testimony if he fails to show that the testimony 'would have affected the outcome of his case.'" (citation omitted)).

Assuming, without deciding, that Mr. Jenkins's witnesses' testimony would have suggested that someone other than Mr. Jenkins could have introduced the contraband phone into the cell, or placed it behind the lockers, the DHO, applying a

theory of constructive possession and constructive
responsibility, concluded that the testimony was unnecessary and
not relevant to whether Mr. Jenkins had fulfilled his
responsibility to keep the common areas in his cell free of
contraband.  Therefore, Mr. Jenkins has not demonstrated that he
is entitled to judgment as a matter of law as to the exclusion
of his witnesses, and thus is not entitled to summary judgment
on Claim 2 of his § 2241 petition.

     D.   Denial of Documentary Evidence (Claims 3(a)-(b))

       1.   Forensic Analysis Report

     Mr. Jenkins argues that at the February 19, 2019 hearing,
the DHO "refused [Mr. Jenkins's] verbal request to be provided
with the forensic lab report of the cell phone in question."
Jenkins Aff. (Doc. No. 1-1, at 2).  Mr. Jenkins had previously
requested that prison officials provide him with a forensic
report concerning the contents of the cell phone, arguing that
an examination of the contents of that phone would show that the
phone did not contain any of his (known) contacts, phone
numbers, photographs, emails, or other information connected to
him.  Mr. Jenkins cites Cipriano v. Fed. Bureau of Prisons, a
case in which the BOP has conducted such a forensic analysis of
a cell phone seized from a shared cell, to demonstrate that the
BOP could have conducted such an analysis in this case.  C.A.
No. 17-377WES, 2017 U.S. Dist. LEXIS 215112, at *4, 2017 WL

6942439, at *2 (D.R.I. Dec. 6, 2017) ("BOP sent [a cell] phone [seized from a two-person cell] to its forensic lab for analysis"), R&R approved, 2018 U.S. Dist. LEXIS 6013, at *1, 2018 WL 400768, at *1 (D.R.I. Jan. 12, 2018).

"Where an inmate seeks to present relevant and important documentary evidence in the government's possession, the government must either make that evidence available or furnish an explanation of the reasons for the denial. Saunders v. Grondolsky, Civil Action No. 12-10484-RWZ, 2013 U.S. Dist. LEXIS 68329, at *9, 2013 WL 1966111, at *3 (D. Mass. May 14, 2013) (citing Smith v. Mass. Dep't of Corr., 936 F.2d 1390, 1401 (1st Cir. 1991)).  A prisoner's due process right to present documentary evidence at a disciplinary hearing, however, does not encompass a right to compel prison officials to conduct supplemental investigations and analyses to generate new evidence at the inmate's behest.  See 187 F.3d 640 (8th Cir. 1999) (unpublished table decision); see also Whitmore v. Jones, 490 F. App'x 122, 125 (10th Cir. 2012) ("the opportunity to present documentary and other evidence has never been extended to require prison officials to gather, review, or preserve evidence that a prisoner may later find helpful"); Abdulhaseeb v. Ward, 173 F. App'x 658, 661 (10th Cir. 2006) ("reject[ing] petitioner's claim that 'prison officials violated his due process rights by failing to . . . conduct an independent

investigation to discover exculpatory and mitigating evidence on his behalf."); Ned, 2017 U.S. Dist. LEXIS 139885, at *9, 2017 WL 3822736, at *4 (petitioner's "due process right to present evidence at his hearing did not obligate prison officials to collect and analyze fingerprints as part of an investigation into the ownership of the weapon that was found affixed to his locker" in a twenty-person cell).

The record before this Court shows that no forensic analysis was conducted of the cell phone found in Mr. Jenkins's cell, despite Mr. Jenkins's request for such information.  Insofar as Mr. Jenkins does not have a due process right, in the prison disciplinary context, to have such evidence generated upon his request, the denial of Mr. Jenkins's request for prison officials to produce, and the DHO to consider, a forensic examination report that did not already exist, did not violate Mr. Jenkins's due process right to present documentary evidence at the disciplinary hearing.  And assuming, without deciding, that the forensic report Mr. Jenkins requested would have demonstrated that there was no known connection between Mr. Jenkins and the contents of the phone, the record before the DHO would still contain "some evidence" that Mr. Jenkins constructively "possessed" the cell phone found in a common area of his cell, which is sufficient to support the DHO's finding.  Therefore, the denial of Mr. Jenkins's request for a forensic examination and

report did not violate his due process right to present
documentary evidence at his disciplinary hearing, and he is not
entitled to summary judgment on Claim 3(a) of his § 2241
petition.

> 2.   "Submission of Defenses"

At the start of the August 14, 2019 DHO hearing, Mr.
Jenkins attempted to give the DHO the Jenkins SOD.  That
document contained Mr. Jenkins's theories of defense to the
disciplinary violation, and arguments as to why the DHO should
not find him guilty of that violation.  The DHO refused to
accept or consider the document, a decision that Mr. Jenkins
claims violated his due process right to present documentary
evidence at his hearing.

Mr. Jenkins does not assert that he was prevented from
making a verbal factual statement or argument in his own defense
at the DHO hearing, or that he requested to read the document
into the record or was prevented from doing so.  Moreover, a
review of the contents of that document reveals that nothing
therein, had it been read by the DHO, would have required the
DHO to find Mr. Jenkins not guilty of the disciplinary offense,
or negated the DHO's finding that Mr. Jenkins constructively
"possessed" the cell phone found in his cell.  Therefore, the
DHO's refusal to place the Jenkins SOD into the disciplinary
hearing record or to review that document did not constitute a

refusal to accept and consider relevant evidence, or a refusal
to allow Mr. Jenkins to speak in his own defense at the hearing.
Accordingly, the DHO's refusal of the Jenkins SOD did not
violate Mr. Jenkins's due process right to present documentary
evidence at his disciplinary hearing and does not entitle Mr.
Jenkins to judgment as a matter of law on Claim 3(b) of his
§ 2241 petition.

III. Untimely Response

    Mr. Jenkins argues that the respondent's failure to respond
to his initial petition within the time allowed by this Court
warrants summary judgment in his favor.  Jenkins is not entitled
to a judgment in his favor solely because the government did not
file a timely response to his petition.  See Quiñones-Torres v.
United States, 240 F. App'x 876, 878 (1st Cir. 2007) (petitioner
was not "entitled to a default judgment simply because the
government did not file an opposition to his habeas petition");
Gonzalez v. Grondolsky, 2015 U.S. Dist. LEXIS 91988, at *6, 2015
WL 4274183, at *2 (D. Mass. July 15, 2015) (noting that a
default judgment due to government's failure to respond to
habeas petition is a "disfavored" remedy).  Accordingly, Mr.
Jenkins is not entitled to summary judgment based on the
respondent's failure to timely file a proper response to his
petition.

## Conclusion

For the foregoing reasons, Mr. Jenkins's motion for summary judgment (Doc. No. 7) is DENIED.

The respondent is directed to file a supplemental motion for summary judgment, based on the issues addressed in this Order, on or before November 30, 2021.  Mr. Jenkins may file an objection to that supplemental motion on or before January 8, 2022.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 29, 2021

cc:  Daniel Jenkins, pro se
     Seth R. Aframe, Esq.