**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Daniel Jenkins</u>

    v.

FCI Berlin, Warden

Case No. 20-cv-803-PB
Opinion No. 2022 DNH 028

<u>ORDER</u>

    Daniel Jenkins petitioned for a writ of habeas corpus (Doc.
No. 1) in this Court, under 28 U.S.C. § 2241, while incarcerated
at the Federal Correctional Institution in Berlin, New
Hampshire. Jenkins asks that I order the Warden to expunge a
disciplinary offense for possessing a cell phone from his prison
record. Jenkins lost forty-one days of good conduct time due to
that offense. In a comprehensive prior order (Doc. No. 19), I
denied Jenkins's motion for summary judgment on his claims (Doc.
No. 7). The Warden has filed both an initial motion for summary
judgment (Doc. No. 15) and a supplemental motion (Doc. No. 21)
on all claims.[1] At issue are Jenkins's claims that (1) there was
insufficient evidence to support the disciplinary finding,
(2) the hearing officer violated his due process rights by
denying his request to present witnesses, (3) the hearing
officer violated his due process rights by not providing him

---

[1] I rely on the same uncontested factual background as in my
prior order. <u>See</u> Doc. No. 19, 2-6.

with a forensic report about the cell phone, and (4) the hearing officer did not permit him to present a written document outlining his defenses.

The warden is entitled to summary judgment even when I construe the record "in the light most flattering to" Jenkins as the nonmoving party.  See Thompson v. Gold Medal Bakery, Inc., 989 F.3d 135, 141 (1st Cir. 2021) (quoting Theidon v. Harvard Univ., 948 F.3d 477, 494 (1st Cir. 2020)).  As I explained in detail in my prior order, there is enough undisputed evidence of Jenkins's constructive possession of contraband to meet the limited "some evidence" standard for prison disciplinary hearings, see Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985), and he has put forward no evidence that additional witnesses, a cell phone forensic report, or consideration of his written document would have a material impact on the hearing officer's finding.  See Street v. Rakiey, 989 F.2d 484 (1st Cir. 1993) (unpublished table decision).

The Warden's motion succeeds because there is "no genuine dispute as to any material fact" in the record, and the Warden is entitled to judgment as a matter of law.  Theidon, 948 F.3d at 494 (quoting Johnson v. Univ. of Puerto Rico, 714 F.3d 48, 52).  Accordingly, I will grant the Warden's motions for summary judgment (Doc. Nos. 15, 21).

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

March 11, 2022

cc:  Counsel of Record